UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

**GLEN NATH, Independent Administrator of the Estate of JOANNE NATH, deceased,**

    **Plaintiff,**

v.

**LEXINGTON INSURANCE CO. et al.,**

    **Defendant.**

Case No. 17-2147

## REPORT & RECOMMENDATION

This case is before the Court on the Motion to Remand (#4) filed by Plaintiff, Glen Nath, Independent Administrator of the Estate of Joanne Nath, deceased. Defendant Lexington Insurance Company ("Lexington") filed a response in opposition. For the reasons discussed below, the Court recommends that Plaintiff's Motion to Remand be GRANTED and this case be remanded to state court.

**I.    Background**

Plaintiff filed a Complaint against Defendants Lexington and Asta Care Center of Ford County, LLC ("Asta") in state court on August 24, 2015. The Complaint alleged that the deceased was a resident at Asta, a licensed nursing home, when she fell and sustained injuries leading to her death. Plaintiff's Complaint seeks a declaration that Lexington must defend and indemnify Asta pursuant to an insurance policy into which Lexington and Asta entered.

Plaintiff's Complaint alleges that Asta filed for bankruptcy on December 28, 2015. The automatic bankruptcy stay was lifted to allow Plaintiff's claim to proceed against Asta, but the amount of the claim was limited to the amount of available insurance. (Plaintiff's Complaint, ¶ 25, 31.)

On June 23, 2017, Lexington filed a Notice of Removal on the basis of diversity jurisdiction. In response, Plaintiff filed the instant motion.

## II. Legal Standard

Pursuant to 28 U.S.C. § 1332(a): "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." Complete diversity is required between all plaintiffs and all defendants. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 82 (2005). Section 1441(a) gives Defendants the opportunity to invoke federal diversity jurisdiction: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. §1446(b)(2)(A).

## III. Analysis

The parties agree that Plaintiff and Asta are citizens of Illinois, while Lexington is a citizen of Massachusetts and Delaware. Lexington's Notice of Removal argues that complete diversity exists because Asta's citizenship should be disregarded as a fraudulently joined nominal party and in the alternative that Asta should be aligned with Plaintiff. Lexington later withdrew its fraudulently joined nominal party argument, but maintains that Asta should be aligned with Plaintiff. Plaintiff argues he should not be aligned with Asta as they are adversaries in the underlying tort action. Plaintiff further notes that Lexington failed to include a legally sufficient explanation for Asta's absence from the Notice of Removal.

### A. Notice of Removal

Plaintiff maintains that Lexington erred in not providing a legally sufficient explanation for Asta's absence from the Notice of Removal. "As a general rule, all defendants must join in a removal petition in order to effect removal." *Northern Illinois*

2

*Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982). "[A] petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants." *Id.* Lexington's Notice of Removal explained that Asta was absent from the Notice of Removal because Asta was fraudulently joined, a nominal party, and/or should be realigned with Plaintiff. While some of these claims were later withdrawn, the allegations were legally sufficient to explain Asta's absence. *See P.P. Farmers' Elevator Co. v Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 548 (7th Cir. 1968) (listing nominal party and lack of service as examples of sufficient explanations for an absent defendant in a notice of removal).

### B. Realignment

Where jurisdiction is based on diversity of citizenship, "the court may ascertain whether the alignment of the parties as plaintiff and defendant conforms with their true interests in the litigation." *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981). If Asta is realigned with Plaintiff, then complete diversity exists under § 1332(a). If Asta remains as a defendant, then complete diversity is destroyed as Plaintiff and Asta are both citizens of Illinois.

Realignment is only proper if the court finds that "no actual, substantial controversy" exists between Plaintiff and Asta. *Id.*; *see also City of Indianapolis v. Chase Nat. Bank of City of New York et al.*, 314 U.S. 63, 69 (1941). The courts "'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'" *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941) (quoting *Dawson v. Columbia Ave. Sav. Fund Safe Deposit, Title & Trust Co.*, 197 U.S. 178 (1905)). The court aligns the parties "in relation to their real interest in the matter." *Id.* at 69. "[A] mere mutuality of interest in escaping liability is not of itself sufficient to justify realignment." *American Motorists*, 657 F.2d at 151. There must be 'no actual, substantial conflict between the parties that would justify placing them on opposite sides of the lawsuit.'" *Wolf v. Kennelly*, 574 F. 3d 406, 412 (7th Cir. 2011).

Plaintiff relies on *Preferred Chiropractic, LLC v. Hartford Casualty Ins. Co.*, 2011 WL 2149091 (S.D. Ill. May 31, 2011), for his position that his interests are not aligned with

3

Asta's. In *Preferred Chiropractic*, the district court noted first that in declaratory judgment suits seeking indemnity, the insurer is usually aligned against the insured and the injured party. *Id*. (citing *Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 731, 741 (7th Cir. 1998)). Under this rule, Plaintiff and Asta would be aligned together against Lexington. The court in *Preferred Chiropractic* emphasized, however, that the alignment changes in a duty to defend case. *Id.* at *3. In duty to defend cases, there has not been a judgment in the underlying litigation, and therefore the insured and injured often have adverse interests. *Id.*

Applying these principles, the court in *Preferred Chiropractic* declined to realign the insured and the injured party. The court found that the injured and the insured had adverse interests due to the pending underlying action. *Id.* The court rejected the insurance company's assertion that the injured had an interest in the insured obtaining funds from the insurance company to pay a future judgment.

As in *Preferred Chiropractic*, Plaintiff's underlying suit remains pending. Lexington attempts to distinguish *Preferred Chiropractic* because in that case the insured party was seeking a defense to defeat the injured in the underlying lawsuit. Here, the injured party is seeking a declaration that the insurance company has a duty to defend the insured.

Whether it is the insured or the injured bringing the suit, the Court's focus is on whether there is an "actual, substantial controversy" between Plaintiff and Asta. Importantly, Asta's liability has not been established in the underlying case. Unlike other cases where the court realigned the parties, there has not been a judgment in this underlying case. *See e.g. Ferraro v. Humphrey*, 2015 WL 685886 (N.D. Ind. Feb. 18, 2015); *Davis v. Carey*, 149 F. Supp. 2d 593 (S.D. Ind. 2001). Unlike these cases where an underlying judgment had been entered, the instant suit focuses on Lexington's duty to defend in an unresolved suit. *See Banasiak v. Admiral Ins. Co.*, 2015 WL 7016358, at *3 (Nov. 10, 2015).

Lexington focuses on the fact that the bankruptcy court allowed the case to proceed against Asta only to the extent that Plaintiff's claim be limited to the amount of

4

available insurance. Lexington argues that Asta has no interest in the outcome of the litigation as its liability is limited to the amount covered by Lexington. This, however, does not resolve the actual and substantial controversy that exists between Plaintiff and Asta in the underlying case.

As noted, "[t]he propriety of alignment is a matter not determined by mechanical rules, but rather by pragmatic review of the principal purpose of the action and the controlling matter in dispute." *American Motorists*, 657 F.2d at 151. Thus, courts look to the "points of substantial antagonism, not agreement" to determine alignment. *Id*. Here, other than a mutual desire for Lexington to provide Asta coverage, Asta and Plaintiff are in direct conflict. Plaintiff's Complaint against Asta alleges violations of the Illinois' Nursing Home Care Act and common law negligence. Asta has defended that action by stating it has no insurance coverage. If Plaintiff succeeds in this declaratory judgment action, Lexington must provide coverage for and defend Asta in the underlying suit against Plaintiff. If Lexington prevails in this case, Asta likely succeeds in the underlying suit against Plaintiff as it has no coverage. The obvious alignment from a pragmatic view is for Lexington and Asta to remain aligned as Defendants. Because Plaintiff and Asta are both citizens of Illinois, the parties are not diverse. This Court lacks subject matter jurisdiction.

## IV. Conclusion

For these reasons, the Court recommends that Plaintiff's Motion to Remand (#4) be GRANTED and that this case be remanded to state court for further proceedings.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 11th day of September, 2017.

s/ERIC I. LONG<br>
UNITED STATES MAGISTRATE JUDGE